**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

DEC 8 2020

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FRANCISCO ANDRES PEDRO, | No.    19-73304 |
| Petitioner, | Agency No. A070-670-726 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 2, 2020[**]

Before:    WALLACE, CLIFTON, and BRESS, Circuit Judges.

Francisco Andres Pedro, a native and citizen of Guatemala, petitions pro se

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's ("IJ") decision denying his application for

withholding of removal and relief under the Convention Against Torture ("CAT").

We have jurisdiction under 8 U.S.C. § 1252.  We review factual findings for

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

substantial evidence. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We deny the petition for review.

Andres Pedro does not challenge the determination that he did not qualify as a class member under *Franco-Gonzalez v. Holder*, No. CV-10-02211 DMG (DTBx), 2014 WL 5475097 (C.D. Cal. Oct. 29, 2014). *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived).

Andres Pedro also does not challenge the BIA's conclusion that he failed to challenge the IJ's determination that he was convicted of a particularly serious crime and was therefore barred from withholding of removal. *See id*. Thus, Andres Pedro's withholding of removal claim fails.

Substantial evidence supports the denial of deferral of removal under the CAT because Andres Pedro failed to show it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Guatemala. *See Garcia-Milian*, 755 F.3d at 1033-35 (concluding that petitioner did not establish the necessary "state action" for CAT relief).

We do not consider materials included with Andres Pedro's opening brief that are not part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc).

As stated in the court's April 24, 2020 order, the stay of removal remains in

place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**